UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN JOSEPH SILVA,<br><br>    Petitioner,<br><br>v.<br><br>KINGS COUNTY JAIL, et al.,<br><br>    Respondents. | Case No. 1:17-cv-01405-MJS (HC)<br><br>**ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM**<br><br>**(ECF NO. 1)**<br><br>**THIRTY (30) DAY DEADLINE** |

Petitioner is proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2241. He is detained at the Kings County Jail awaiting trial.

Petitioner complains of the following: "medical procedures, cruel and unusual punishment, manipulation, jail conditions, title 15 violations, civil rights infringement, mental health violations." (ECF NO. 1 at 2.) While he asserts entitlement to habeas relief, his claims do not appear to implicate the fact or length of his detention.

**I.    Discussion**

    **A.    Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254[1] Cases provides in pertinent part:

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(4) provides that the rules "apply to proceedings for habeas corpus . . . to the extent that the practice in such proceedings is not specified in a federal statute, the Rules Governing

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B.  Failure to State Cognizable Claim

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Petitioner's claims do not implicate the fact or duration of his confinement. Petitioner does not challenge his underlying detention but rather the conditions of his confinement, specifically the medical and mental health care available to him, other unspecified conditions, and violations of state policies, procedures, and regulations. Petitioner's claims, even if meritorious, would not provide a basis for federal habeas jurisdiction.

---

Section 2254 Cases, or the Rules Governing 2255 Cases; and has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). As it is unclear whether a cognizable claim could be stated, Petitioner will be provided the opportunity to file an amended petition.

**II.     Order**

Petitioner is ORDERED TO SHOW CAUSE why the petition should not be dismissed for failure to state cognizable habeas claims. Petitioner is ORDERED to file an amended petition for writ of habeas corpus within thirty (30) days of the date of service of this order. Failure to follow this order will result in dismissal of the petition.

IT IS SO ORDERED.

Dated:   October 19, 2017            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE